UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**CV 10 -     0836**

-------------------------------------------------------------------

SHIFRA STONE

**CLASS ACTION COMPLAINT**

Plaintiff,

-against-

ROSS, J.    **FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

NATIONS RECOVERY CENTER INC
AND ATLANTIC CREDIT

★  FEB 2 5 2010  ★

POHORELSKY, M.J.
Defendants.   BROOKLYN OFFICE

-------------------------------------------------------------------

### COMPLAINT FOR VIOLATIONS
### OF THE FAIR DEBT COLLECTION PRACTICES ACT

Plaintiff brings this action on her own behalf and on behalf of all others similarly situated for damages arising from the defendants' violation of §1692 *et seq.* of Title 15 of the United States Code, the Fair Debt Collections Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### Introduction

1.   This action seeks redress for the illegal practices of Defendants, concerning the collection of debt, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

### Jurisdiction and Venue

2.   This Court has Federal question jurisdiction under 28 U.S.C. § 1331.

3.   Venue is proper in this District because the acts and transactions that give rise to this action occurred, in substantial part, in this District. Additionally, plaintiffs reside in this District.

1

4.     Plaintiff is a resident of the State of New York who resides in Kings County.

5.     Plaintiff is a "Consumer" as that term is defined by § 1692(a)(3) of the FDCPA in that the alleged debt that the defendant, sought to collect from plaintiff is a consumer debt.

6.     Upon information and belief, defendant Nations Recovery is a debt collector located in Georgia and caused the collection letter complained of herein to be sent within the county of Kings, State of New York. Defendant Atlantic Credit is a debt buyer purchasing debts in default who hired the defendant Nations Recovery to collect on its defaulted debts.

7.     Defendants are regularly engaged in the collection of debts allegedly owed by consumers.

8.     Defendants are "Debt Collectors" as that term is defined by § 1692(a)(6) of the FDCPA.

9.     Plaintiff received direct communications from defendants, in the form of an initial written notice, dated February 16, 2010.

<u>CLASS ACTION ALLEGATIONS</u>

10.     Plaintiffs bring this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of plaintiffs and all consumers and their successors in interest (the "Class") who have received debt collection notices and/or letters from the defendants as of one year prior to the filing of plaintiff's complaint until twenty days after the filing of this complaint, which failed to give the proper "30 day notice" as required by statute, namely that the defendants' letter indicated that upon a written dispute they would "obtain verification of the debt or a copy of the said

2

verification or judgment will be mailed to you." Excluded from the Class is the defendants herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendants, including, without limitation, persons who are officers, directors, employees, associates or partners of defendants.

11.     This action is properly maintained as a class action. This Class satisfies all the requirements of Rule 23 for maintaining a class action.

12.     The Class is so numerous that joinder of all members is impracticable. Upon information and belief, 40 or more persons have received debt collection notices from the defendant, which violate various provisions of the FDCPA.

13.     There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

        a.     Whether the defendants violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § §1692g and 1692e.

        b.     Whether plaintiff and the Class have been injured by the defendants' conduct; and

        c.     Whether plaintiff and the Class have sustained damages and are entitled to restitution as a result of defendants' wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution.

14.     Plaintiff's claims are typical of the claims of the Class, and plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

15.     Plaintiff will fairly and adequately protect the interests of the Class and have retained experienced counsel, competent in the prosecution of class action litigation.

16.     A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted.  Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

17.     A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a class action the Class members will continue to suffer losses of statutorily protected rights and if defendant's conduct will proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

18.     Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate relief with respect to the Class as a whole.

### AS AND FOR A FIRST CAUSE OF ACTION

19.     Plaintiff re-alleges and incorporate herein by reference, all the foregoing paragraphs as if set forth fully herein.

20.     Upon information and belief, the collection letter is a form letter sent by defendants to the plaintiffs.

21.     Collection letters, such as those sent by defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

22.     Section 1692e of the Fair Debt Collection Practices Act states that:

4

"A debt collector may not use any false, deceptive or misleading representation or means in connection with the collection of any debt."

23.     Section 1692g requires the debt collector to give what is commonly referred to as a 30-day notice within five days of its communication with the consumer.

24.     Defendant violated § 1692g, by failing to properly advise the consumer that he had 30days from receipt of the letter in which to dispute the debt.

25.     Defendant violated § 1692e by using false and deceptive means in connection with the collection of the debt, namely, by failing to give a proper 30 day notice.

        WHEREFORE, plaintiffs respectfully request that the Court enter judgment as follows:

        a)      Declaring that this action is properly maintainable as a class action and certifying plaintiffs as Class representatives;

        b)      Awarding plaintiffs and the class statutory damages;

        c)      Awarding plaintiffs and the class costs of this action, including reasonable attorneys' fees and expenses; and

        d)      Awarding plaintiffs and the class such other and further relief as the Court may deem just and proper.

Dated:   Cedarhurst, New York
       February 23, 2010

Plaintiffs request trial by jury on all issues so triable.

                           Lawrence Katz
                           445 Central Avenue Suite 201
                           Cedarhurst, New York 11516
                           Telephone  (516) 374-2118
                           Facsimile   (516) 706-2404

6